IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *
ex rel.
                                  *
STEPHEN D. LINCOLN, M.D., et al.
                                  *   THIS DOCUMENT IS NOT SEALED
        Plaintiff-Relators
                                  *
            vs.                       CIVIL ACTION NO. MJG-10-1632
                                  *
ST. JOSEPH MEDICAL
CENTER, INC., et al.              *

        Defendants               *

*       *       *       *       *       *       *       *       *

DECISION RE: ST. JOSEPH MEDICAL CENTER SETTLEMENT

The instant lawsuit was filed by Stephen D. Lincoln, M.D.,

Peter Horneffer, M.D., and Garth McDonald, M.D. (collectively

referred to as "Relators") presenting, among other assertions,

claims on behalf of the United States Government pursuant to the

federal False Claims Act ("FCA").[1]  In general, the FCA imposes

liability upon persons who participate in presenting false

claims to the United States or an agency thereof.  31 U.S.C. §

3729(a) (West 2010).

The Complaint[2] was filed pursuant to the qui tam provisions

of the FCA, which allow a private individual to assert a claim

under the FCA in the name of the United States Government and

---

[1]    31 U.S.C. § 3729 et seq.  All § references herein are to
the False Claims Act, 31 U.S.C., unless otherwise indicated.
[2]    The term "Complaint" is used herein to refer collectively
to both the original Complaint and the Amended Complaint.

1

share in the recovery.  § 3730(c).  The Complaint includes

allegations that St. Joseph Medical Center, Inc. and others

participated in submitting false claims to the United States.

Pursuant to the FCA, the Complaint was filed in camera and

under seal.  § 3730(b)(2).  As required by the FCA, the

Complaint was served upon the Government, but not upon any

defendant.  Id.  A qui tam complaint remains under seal and

without disclosure to any defendant for a minimum of sixty-days.[3]

The seal period allows the Government time to investigate the

allegations and consider whether to intervene and pursue the

litigation.  Normally, when the Government intervenes, or

decides that it will not intervene, the Complaint is unsealed

and served upon all defendants.

To date, the file in the instant case has been maintained

under seal.  The Government seeks to intervene vis-à-vis

Defendant St. Joseph Medical Center, Inc. for purposes of

settlement.  Accordingly, the Government seeks to have the Court

partially lift the seal as to Defendant St. Joseph Medical

Center, Inc. so that it may disclose the existence of the

instant case and consummate the settlement reached with that

---

[3]     By statute, a qui tam complaint remains under seal and
without disclosure to the defendant for at least sixty-days.
Id. § 3730(b)(2)-(4).  For good cause shown by the government, a
district court may extend the sixty-day period under which the
complaint remains sealed.  Id. § 3730(b)(3).

Defendant.  However, the Government continues to investigate allegations made against the non-settling Defendants and thus asks the Court to extend the seal period under §3730(b)(3) as to all matters not subject to the partial unsealing.

The Court finds it appropriate to lift the seal vis-à-vis Defendant St. Joseph Medical Center, Inc. as requested by the Government.  Therefore, the Government may disclose the fact that this qui tam has been filed and the above caption of this action that identifies Defendant St. Joseph Medical Center, Inc., but not the identity of other defendants and the allegations against them.

The Government has persuaded the Court that a present unsealing of the Complaint would unduly interfere with its investigation and consideration of claims against persons other than St. Joseph Medical Center, Inc.  Moreover, the Court finds it appropriate to defer placing on the public record allegations made on behalf of the Government against identified entities and individuals until the Government itself decides whether to assert or eschew such allegations.

The Court shall issue an Order consistent herewith.

SO DECIDED, on <u>Tuesday, November 09, 2010</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge